## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MICHIGAN
## SOUTHERN DIVISION

**BILAL CHABAAN**,

            CASE NO.

      Plaintiff,

**v.**

            **JURY DEMAND**

**MAACO AND ROYAL AUTO CLINIC LLC**,
a Domestic Limited Liability Company, **and RW
Property Investments, LLC** and
**RAMSEY WARED**, an individual,

      Defendants.

_____

## COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiff, BILAL CHAABAN, brings this action against Defendant, MAACO AND ROYAL AUTO CLINIC, LLC, a domestic limited liability company ("MAACO"), and RW PROPERTY INVESTMENTS, LLC, a domestic limited liability company ("RW"),   RAMSEY WARED, individually ("WARED") (collectively "Defendants"), pursuant to the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201, *et seq*., and states as follows:

## INTRODUCTION

1.     The FLSA is designed to eliminate "labor conditions detrimental to the maintenance of the minimum standard of living necessary for health, efficiency and general well-being of workers." 29 U.S.C. § 202(a). To achieve its purposes, the FLSA requires three things. First, the FLSA requires payment of minimum

wages. 29 U.S.C. § 206(a).  Second, the FLSA requires overtime pay from a covered

employer whose employees work in excess for 40 hours in a workweek.

29 U.S.C. 207(a). Third, the FLSA establishes minimum recordkeepingrequirements

for covered employers.  29 U.S.C. § 211(a); 29 U.S.C. § 516.2(a)(7).

2.      Plaintiff was a non-exempt employee for Defendant, and was paid a

weekly rate of pay for his hours worked.  He was given the title even of Assistant

Manager.   However, Defendant's hourly rate amounted to sub-minimum wage pay,

and Plaintiff also did not receive an overtime premium for his hours worked in

excess for forty (40) hours each week.

## JURISDICTION AND VENUE

3.      Jurisdiction in this Court is proper as the claims are brought pursuant

to the FLSA as amended, 29 U.S.C. §201, *et seq.*, to recover unpaid minimum and

overtime pay, an additional equal amount as liquidated damages, obtain declaratory

relief, and reasonable attorneys' fees and costs.

4.      The jurisdiction of the Court over this controversy is proper pursuant to

28 U.S.C. §1331, as Plaintiff's claims arise under 29 U.S.C. §216(b).

5.      This Court has the authority to grant declaratory relief pursuant to the

FLSA and the federal Declaratory Judgment Act ("DJA"), 28 U.S.C. §§ 2201-02.

6.      Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391

because Plaintiff resides in this district and all, or at least a substantial part, of the

events giving rise to Plaintiff's claims occurred in this district.

## PARTIES

7.      At all relevant times, Plaintiff was, and continues to be, a resident of Wayne County, Michigan.

8.      At all relevant times, Defendant Maaco was, and continues to be, a domestic limited liability company with its principle place of business in Wayne County, Michigan.

9.      Upon information and belief, at all relevant times, Defendant Wares was an individual resident of the State of Michigan.

10.      Defendant Wares is Maaco's owner and registered agent.

11.      At all relevant times, Defendant Wares regularly held and/or exercised authority to: (a) hire and fire employees of Maaco; (b) control the finances and operations of Defendants; (c) control significant aspects of the corporation's  day-to-day operations, including the authority to set wages; (d) actively participate in the overall supervision of Maaco; and (e) was ultimately in a position of authority over the business decisions that led to the FLSA violations.

12.      Defendant, Wares is an employer as defined by 29 U.S.C §201, *et seq*., in that he acted, directly or indirectly, in the interests of Maaco toward Plaintiff.

13.    At all relevant times, Defendants were an enterprise covered by the FLSA, as defined by 29 U.S.C. §§203(r) and 203(s).

14.    At all relevant times, Plaintiff was "engaged in commerce" within the meaning of the FLSA.

15.    At all relevant times, Plaintiff was engaged in the "production of goods and services" and subject to the individual coverage of the FLSA.

16.    At all relevant times, Plaintiff was an "employee" of Defendants within the meaning of the FLSA.

17.    At all relevant times, Defendants were Plaintiff's "employer" within the meaning of the FLSA.

18.    Defendants were, and continue to be, "employers" within the meaning of the FLSA.

19.    At all relevant times, Defendants were, and continue to be, an "enterprise engaged in commerce" within the meaning of the FLSA.

20.    At all relevant times, Defendants were and continues to be an enterprise engaged in the "production of goods or services for commerce" within the meaning of the FLSA.

21.    Based upon information and belief, the annual gross revenue of Maaco is and was in excess of $500,000.00 per annum during the relevant time periods.

22.     At all relevant times, Maaco had two (2) or more employees handling, operating, or otherwise working on goods or materials that had been moved in or produced for commerce such as the trucks, which were used directly in furtherance of Maaco's commercial activity of running a trucking transportation company.

23.     At all relevant times, Plaintiff "engaged in commerce" and subject to individual coverage of the FLSA, by virtue of his handling, selling, or otherwise working on goods or materials that had been moved in interstate commerce or produced for commerce.

24.     At all relevant times, the work performed by Plaintiff was directly essential to the business performed by Defendants' transportation company.

## STATEMENT OF FACTS

25.     Plaintiff worked for Defendants from approximately August 24, 2020 to January 23, 2021.

26.     Plaintiff worked as a non-exempt Assistant Manager, doing mechanical repair work for Defendants.

27.     Plaintiff was compensated on a weekly basis and was paid hourly.

28.     Plaintiff's primary duties were to fix and work on vehicles as directed by Defendants.

29.     Throughout the duration of his employment with Defendants, the Michigan Minimum Wage was set at $9.65/hour.

5

30.    Plaintiff worked in excess of forty (40) hours in various workweeks throughout his employment with Defendants.

31.    The compensation Plaintiff received amounted to sub-minimum wages for various workweeks within the statutory period.

32.    In addition, Plaintiff also was not properly compensated for all of his overtime hours worked during the relevant periods of time.

33.    Throughout the duration of Plaintiff's employment, Defendants failed to compensate Plaintiff at a rate of one and one-half times Plaintiff's regular rate of pay for all hours worked in excess of forty (40) hours in various workweeks within the statutory period.

34.    Plaintiff should be compensated at the rate of one and one-half times the statutory minimum wage for those hours that Plaintiff worked in excess of forty (40) hours per week as required by the FLSA.

35.    Defendants have violated Title 29 U.S.C. § 206 and § 207 in that:

   a.    Plaintiff worked in excess of forty (40) hours per week in at least some weeks for Defendants;

   b.    No payments, or provisions for payment, have been made by Defendants to properly compensate Plaintiff at the statutory rate of one and one-half times the Plaintiff's regular rate for all those hours worked in excess of forty (40) hours per workweek

6

while Plaintiff worked for Defendants as provided by the
FLSA;

c. Defendants failed to pay Plaintiff at least minimum wage in one
or more workweeks in violation of the FLSA; and

d. Defendants failed to maintain proper time records as mandated
by the FLSA.

36. Plaintiff retained the law firm of MEROUEH & HALLMAN, LLP,
torepresent him in this litigation.

## COUNT I - VIOLATION OF 29 U.S.C. § 207 - OVERTIME COMPENSATION

37. Plaintiff realleges and incorporates paragraphs 1 through 36 as if fully
set forth herein.

38. In various times material hereto, Plaintiff performed non-exempt work
and worked in excess of forty (40) hours per week.

39. However, Plaintiff was not compensated at the statutory rate of one and
one-half times Plaintiff's regular rate of pay for the hours he worked in excess of
forty (40) hours each workweek.

40. Plaintiff was and is entitled to be paid at the statutory rate of one and
one-half times Plaintiff's regular rate of pay for those hours worked in excess of
forty (40) hours in a workweek.

41.    At all times material hereto, Defendants failed to maintain proper time records as mandated by the FLSA.

42.    Defendants' actions were willful and/or showed reckless disregard for the provisions of the FLSA as evidenced by the failure to compensate Plaintiff at the statutory rate of one and one-half times Plaintiff's regular rate of pay for the hours worked in excess of forty (40) hours per week when Defendants knew, or should have known, such was, and is due to Plaintiff.

43.    Defendants failed to properly disclose or apprise Plaintiff of Plaintiff's rights under the FLSA.

44.    Due to the intentional, willful, and unlawful acts of Defendants, Plaintiff suffered damages and lost compensation for time worked over forty (40) hours per week, plus liquidated damages.

45.    Plaintiff is entitled to an award of reasonable attorneys' fees and costs pursuant to 29 U.S.C. §216(b).

46.    Plaintiff demands a trial by jury.

## COUNT II - VIOLATION OF 29 U.S.C. § 206 - MINIMUM WAGE VIOLATION

47.     Plaintiff realleges and incorporates paragraphs 1 through 37 as if fully set forth herein.

48.    Plaintiff was entitled to be paid minimum wage for all of his hours worked with Defendants.

49.     Defendants failed to pay Plaintiff minimum wage for all of his hours worked during various workweeks within the statutory period.

50.     Defendants willfully failed to pay Plaintiff the minimum wage for one or more weeks of work contrary to 29 U.S.C. § 206.

51.     As a direct and proximate result of Defendants' deliberate underpayment of wages, Plaintiff has been damaged in the loss of minimum wages for one or more weeks of work with Defendants.

## COUNT III - DECLARATORY RELIEF

52.     Plaintiff realleges and incorporates paragraphs 1 through 51 as if fully set forth herein.

53.     Plaintiff and Defendants have a FLSA dispute pending, which the Court has jurisdiction to hear pursuant to 28 U.S.C. § 1331, as a federal question exists.

54.     The Court also has jurisdiction to hear Plaintiff's request for declaratory relief pursuant to the Declaratory Judgment Act. 28 U.S.C. §§ 2201-2202.

55.     Plaintiff may obtain declaratory relief.

56.     Defendants employed Plaintiff.

57.     Defendants are an enterprise.

58.     Plaintiff was individually covered by the FLSA.

59.     Plaintiff is entitled to overtime compensation pursuant to 29 U.S.C. §207(a)(1).

60.     Defendants did not keep accurate time records pursuant to 29 U.S.C. §211(c) and 29 C.F.R. Part 516.

61.     Defendants did not rely on a good faith defense in its failure to abide by the provisions of the FLSA.

62.     Plaintiff is entitled to an equal amount of liquidated damages.

63.     It is in the public interest to have these declarations of rights recorded.

64.     Plaintiff's declaratory judgment action serves the useful purpose of clarifying and settling the legal relations at issue.

65.     The declaratory judgment action terminates and affords relief from uncertainty, insecurity, and controversy giving rise to the proceeding.

## COUNT IV – PUBLIC POLICY VIOLATION

66.     Plaintiff realleges and incorporates paragraphs 1 through 65 as if fully set forth herein.

67.     Plaintiff exercised his right conferred by a well-established Michigan legislative enactment, namely to be paid at least a rate of minimum wage, and to be paid at a scale of time-and-a-half.

68.     Upon exercising such right, Plaintiff was terminated, explicitly for exercising such right.

## **PRAYER FOR RELIEF**

For these reasons, Plaintiff respectfully requests that judgment be entered in his favor against Defendants:

a.   Declaring that the acts and practices complained of herein are in willful violation of the overtime wage provisions of the FLSA;

b.   Granting judgment in favor of Plaintiff and against Defendants and awarding Plaintiff the full amount of damages and liquidated damages available by law;

c.   Awarding Plaintiff minimum wage compensation in the amount due to him for workweeks Plaintiff worked but was not compensated at a rate equivalent to the federal minimum wage;

d.   Awarding Plaintiff overtime compensation in the amount due to him for Plaintiff's time worked in excess of forty (40) hours in any given workweek;

e.   Awarding Plaintiff liquidated damages in an amount equal to the minimum wage and/or overtime wage award;

f.   Awarding Plaintiff reasonable attorneys' fees and costs and expenses of the litigation pursuant to 29 U.S.C. §216(b);

g.   Awarding Plaintiff pre-judgment interest; and

h.   Ordering any further relief the Court deems just and proper.

11

## <u>DEMAND FOR JURY TRIAL</u>

Plaintiff hereby demands a trial by jury.

Dated: May 23, 2021

<div style="margin-left: 45%;">

Respectfully submitted,

<u>/s/ *Zachary A. Hallman*   </u>
ZACHARY A. HALLMAN
(P78327)
MEROUEH & HALLMAN, P.C.
14339 Ford Rd., 2nd Floor
Dearborn, MI 48126
(313) 582-7469
zhallman@mhatlaw.com

*Attorney for Plaintiff*

</div>

# EXHIBIT A

IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

**BILAL CHAABAN**, on behalf of
himself and those similarly situated,

                                                  Case No.

       Plaintiff,


v.                                              JURY DEMAND

**MAACO TRANSPORTATION LLC**,
a Domestic Limited Liability Company, and
**RAMSEY WARES**, an individual,

       Defendant.

---

## <u>CONSENT TO JOIN FORM</u>

- I, Bilal Chaaban, named Plaintiff, consent to join and opt-in the above-styled lawsuit seeking damages for unpaid wages under the FLSA, as is reflected by the Complaint filed on my behalf;
- I authorize counsel at Meroueh and Hallman to file this consent to join form forme, the named Plaintiff;
- I agree to be represented by Meroueh and Hallman, counsel for the named Plaintiff.


Date: _5/23/2021_             Signature: */s/ Bilal Chaaban*


Address:    c/o Meroueh & Hallman, LLP
                  14339 Ford Rd., 2nd Flr.
                  Dearborn, MI  48126