UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| **BILAL CHABAAN**,<br><br>Plaintiff,<br><br>vs.<br><br>**MAACO AND ROYAL AUTO CLINIC LLC, ET AL.**,<br><br>Defendants. | **2:21-CV-11279-TGB**<br><br><br>**ORDER GRANTING MOTION FOR DEFAULT JUDGMENT (ECF NO. 13)** |

A hearing was held on Plaintiff Chabaan's first Motion for Default Judgment on October 25, 2021. At that hearing, the Court directed Chabaan to achieve clear and unambiguous service on Defendants. In a text-only order entered on March 21, 2022, the Court denied Chabaan's first Motion for Default Judgment without prejudice. Now before the Court is Chabaan's renewed Motion for Default Judgment (ECF No. 13).

In February 2022, Chabaan served the Summons and Complaint and the then-pending Motion for Default Judgment on Ramsey Wared via certified mail. Pl's. Aff., ECF No. 11, PageID.48-49. Defendant Wared signed for the delivery. ECF No. 11-1, PageID.50. No Defendant has filed an Answer to Chabaan's Complaint or otherwise responded in any way.

Accordingly, Defendant Maaco and Royal Auto Clinic, LLC and Defendant Ramsey Wared[1] are found to be in default.

Plaintiff Chabaan requests damages of $20,000 representing "liquidated lost wages and overtime." ECF No. 13-1, PageID.56. Chabaan also requests $6,500 in attorney's fees. *Id.* But "[e]ven when a default judgment is warranted based on a party's failure to defend, the allegations in the complaint with respect to the amount of damages are not deemed true. The district court must instead conduct an inquiry in order to ascertain the amount of damages with reasonable certainty." *Osbeck v. Golfside Auto Sales, Inc.*, No. 07-14004, 2010 WL 2572713 at *4 (E.D. Mich. June 23, 2010). Chabaan has not submitted pay stubs, time sheets, affidavits, or any other evidence that would allow the Court to ascertain what damages Chabaan is due "with reasonable certainty."

Accordingly, **IT IS ORDERED** that Defendants Maaco and Royal Auto Clinic, LLC and Ramsey Wared are found to be in default in the above-captioned matter.

---

[1] Plaintiff Chabaan has not requested entry of default against RW Property Investments, LLC. *See* Pl's. Renewed Mot. for Default J., ECF No. 13, PageID.53-54. At the October 14, 2021 hearing on this matter, Chabaan's counsel represented that RW Property Investments, LLC appeared not to be at fault, but explained that counsel lacked authority to dismiss RW Property Investments, LLC at that time. No dismissal has been forthcoming. Consequently, Plaintiff's claims against RW Property Investments, LLC will be dismissed with prejudice for failure to prosecute.

**IT IS FURTHER ORDERED** that Plaintiff Chabaan shall submit evidence supporting his request for a particular amount of damages and attorney's fees **within thirty (30) days** of the date that this order issues.

**IT IS FURTHER ORDERED** that Plaintiff Chabaan's claims against RW Property Investments, LLC, as to which counsel previously represented he believed that RW Property Investments, LLC, was not at fault and as to which Plaintiff has taken no action to effectuate service, are hereby **DISMISSED WITH PREJUDICE**.

DATED this 7th day of September, 2022.

BY THE COURT:

/s/Terrence G. Berg
TERRENCE G. BERG
United States District Judge